# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY JAIL HEALTH SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-07319-JFW-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I. Pertinent Procedural History and Plaintiff's Claims

On October 6, 2022, Plaintiff Abdullah Naim Hafiz ("Plaintiff"), who is proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 against Defendant Chief Medical Officer alleging that while he was confined at Los Angeles County Jail, he was denied treatment by a urologist for a serious medical condition and consequently suffered undue pain. [Dkt. No. 1 at 3-6.]

On October 12, 2022, the Court informed Plaintiff of his obligation to keep the Court apprised of his correct address and the consequences of his failure to do so. *See* Notice of Judge Assignment and Reference to a United States Magistrate Judge [Dkt. No. 3] (advising Plaintiff that he is required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not timely notified

thereafter of his current address, the Court may dismiss the matter for want of prosecution) (citing Local Rule 83-2.4); Initial Case Management Order [Dkt. No. 8 at 3] (advising Plaintiff to immediately notify the Court of any change of Plaintiff's mailing address and cautioning Plaintiff that his failure to update his mailing address may result in this action being dismissed for failure to prosecute) (citing Local Rule 41-6); Case Management and Scheduling Order [Dkt. No. 38] (same).

On June 29, 2023, Defendant Sean Henderson, M.D., filed a notice of waiver of reply to complaint. [Dkt. No. 37.]

On December 28, 2023, and January 5, 2024, Plaintiff filed motions notifying the Court of his change of address, his release from custody, and his residence at the Tarzana Treatment Centers. [Dkt. Nos. 79, 82.]

On January 17, 2024, the Court issued an order denying Plaintiff's motions regarding Defendant's purported non-compliance with the Case Management and Scheduling Order and motion producing evidence that Defendant misled the Court. [Dkt. No. 80.] On that same date, the Court issued an order denying Plaintiff's motion for default judgment. [Dkt. No. 81.] Both orders were mailed to Plaintiff at his new mailing address, the Tarzana Treatment Centers, 18646 Oxnard Street, Tarzana, California 91356. Both orders were returned as undeliverable. On January 31, 2024, the order [Dkt. No. 80] was returned from the Tarzana Treatment Centers with a notation "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED." [Dkt. No. 84.] On February 8, 2024, the Court's order [Dkt. No. 81] was returned from the Tarzana Treatment Centers with a notation "RETURN TO SENDER—UNABLE TO FORWARD." [Dkt. No. 86.]

On February 1, 2024, the Court issued an order granting Defendant Dr. Henderson's motion to extend the deposition deadline. [Dkt. No. 85.] On

February 12, 2024, that order [Dkt. No. 85] was returned from the Tarzana Treatment Centers with notations "RETURN TO SENDER—NOT AT THIS ADDRESS" and "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED." [Dkt. No. 87.]

On March 6, 2024, Defendant Henderson filed a motion to dismiss the case or extend the date to complete Plaintiff's deposition. [Dkt. No. 88.] Defendant asserts that Plaintiff has failed to provide a valid address since his December 2023 release from the Los Angeles County Sheriff Department's custody. [Id. at 2.] Defendant contends that mail sent by him to the new address provided by Plaintiff has been returned as undeliverable. [Id. at 3.] Defendant requests that Plaintiff's lawsuit be dismissed due to his failure to comply with his obligation to provide a valid address. [Id. at 3-4.]

On March 7, 2024, the Court issued an order setting a briefing schedule for Defendant Henderson's motion to dismiss the case or extend the date to complete Plaintiff's deposition. [Dkt. No. 89.] Plaintiff's opposition was due by March 22, 2024. [Id.]

On March 18, 2024, the Court's minute order [Dkt. No. 89] was returned from the Tarzana Treatment Centers with notations "RETURN TO SENDER—NOT AT THIS ADDRESS" and "RETURN TO SENDER—UNABLE TO FORWARD." [Dkt. No. 90.]

To date, Plaintiff has not provided an updated address or otherwise communicated with the Court about his case since January 2024. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**II.  Discussion**

Local Rule 41-6 requires a party representing himself to "keep the Court ... apprised of such party's current address and telephone number, if any, and e-mail address, if any." It allows for dismissal of lawsuits for failure to comply with the rule: "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fourteen (14) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.

Plaintiff's failure to keep the Court updated on his mailing address brings this case within the purview of *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute, *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the other party that can be overcome only with an affirmative showing of just cause by the petitioner. *In re Eisen,* 31 F.3d 1447, 1452-53 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his correct address. *See Carey,* 856 F.2d at 1441 (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor – risk of prejudice to Defendant – also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor – the public policy favoring resolution on the merits – ordinarily weighs against dismissal. The fifth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, given the Court's inability to communicate with Plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 12, 2024

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE